# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ashley Noel Norwood (#2011-0620076), ) | |
| ) | |
| Plaintiff, ) | |
| ) | 12-cv-6459 |
| v. ) | |
| ) | Hon. Sharon Johnson Coleman |
| Officer Cedeno, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Officer Cedeno, by his attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Kevin Mueller, and submits Defendant's Answer to Plaintiff's Complaint as follows:

1. On the 15th of March 2012 at approximately 16:00 hrs a routine cell search (a shake down) was conducted for the bottom half of the CF tier.

ANSWER: Defendant admits that in the afternoon of March 15, 2012, a cell and tier search of Tier CF was conducted, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. We were instructed to bring our trash bags out and empty them into the garbage can, then line up on the dayroom wall for a pat down (cavity search).

ANSWER: Defendant admits that he instructed inmates to bring trash bags out of their cells, empty them into the garbage, and then line up on the dayroom wall for a pat down, but denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. After the cell search & pat down was completed, Officer Cedeno told us to return back to our cells with our hands on our head.

ANSWER: Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. While doing so, another officer who was involved with conducting the shake down told us to pick our trash bags up.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Unable to comply with both verbal commands at the same time, Officer Cedeno became very aggressive with me,

ANSWER: Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. He told me to go back to the wall.

ANSWER: Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. When I turned around to make my way back to the wall, he came behind me and pushed me. I responded by telling him not to push me.

ANSWER: Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. He then told me "Oh you wanna be a fucking tough guy", he took my right arm and twisted it behind me, and with his left hand on the back of my head, he slammed my head into a brick wall we great force,

ANSWER: Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. At first it dazed me for a few seconds, but then I came back to my senses, there was a little swelling but it took a couple hours until the headaches started to accure [sic], since then I've been experience concusion [sic] like symptoms.

ANSWER: Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Sheriff officer wrote a couple bogus disciplinary tickets, one for a causing a officer or (sworn personnel) to use physical force to restrain, and another for disobeying a direct command due to the video footage from the surveillance cameras on the tier and 48 wittnesses [sic].

ANSWER: Defendant admits that Plaintiff was disciplined for his actions arising out of an incident on March 15, 2012, but denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. I was only found guilty for disobeying a direct command.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. This all took place in division 11 tier CF… Everything is recorded on my medical file here at Cook county Jail.

ANSWER: Defendant admits the incident on March 15, 2012 for which Plaintiff was disciplined took place in Division 11, Tier CF, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

WHEREFORE, based on the foregoing, Defendant denies that Plaintiff is entitled to any damages. Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his Complaint and further requests that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant Officer Cedeno, by his attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Kevin Mueller, and pleads the following Affirmative Defenses:

1. Defendant did not act, or fail to act, with deliberate indifference toward Plaintiff.

2. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendant is entitled to the defense of Qualified Immunity.

3. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Massey v. Helman, 196 F.3d 727 (7th Cir. 1999).

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, any verdict or judgment

obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant Officer Cedeno requests a trial by jury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: */s/ Kevin J. Mueller*
Kevin J. Mueller (6285298)
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6124

# CERTIFICATE OF SERVICE

I, Kevin J. Mueller, Assistant State's Attorney, hereby certify that a copy of *Defendant's Appearance of Kevin J. Mueller*, *Defendant's Appearance of James C. Pullos*, and *Defendant's Answer to Plaintiff's Complaint* was served on January 18, 2013 pursuant to the District Court's ECF system as to all ECF filers, and by mailing a copy via U.S. Mail, postage-prepaid, to the following:

Mr. Ashley Noel Norwood
#2011-0620076
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

By: */s/ Kevin J. Mueller*
     Kevin J. Mueller